UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRIAHM PALOMA,

                          Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, ROSE M. SINGER CENTER,
CAPTAIN SPEIGHTS, and CAPTAIN FOLKS,

                          Defendants.

20 Civ. 638 (ER)

**ORDER OF SERVICE**

EDGARDO RAMOS, United States District Judge:

      Plaintiff, currently held in the Rose M. Singer Center ("RMSC") on Rikers Island, brings this *pro se* action asserting that the defendants violated her constitutional rights and seeking damages. She sues the New York City Department of Correction ("DOC"), the RMSC, and Correction Captains Speights and Folks of the RMSC. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

      By order dated March 19, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons discussed below, the Court dismisses Plaintiff's claims against the DOC and the RMSC, and it directs the Clerk of Court to add the City of New York as a defendant. The Court requests that Speights, Folks, and the City of New York waive service of summons.

**STANDARD OF REVIEW**

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.     The RMSC**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the RMSC. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). The RMSC, which is a jail, is not a "person" for the purpose of § 1983. *See Reynolds v. Darrah*, No. 11 Civ. 5885, 2011 WL 4582430, at *1 (S.D.N.Y. Sept. 30, 2011). The Court therefore dismisses Plaintiff's § 1983 claims against the RMSC.

**B.     The DOC**

The Court must dismiss Plaintiff's claims against the DOC because an agency of the City of New York, like the DOC, is not an entity that can be sued. N.Y. City Charter Ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where

2

otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Adams-Flores v. City of New York,* No. 18 Civ. 12150, 2020 WL 996421, at *3 (S.D.N.Y. Mar. 3, 2020), *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the DOC.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses that the City of New York may wish to assert.

**C.     Speights, Folks, and the City of New York**

The Court directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York, Speights, and Folks waive service of summons.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Rose M. Singer Center and the New York City Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also directs the Clerk of Court to add the City of New York as a defendant. *See* Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court

requests that the City of New York and Correction Captains Speights and Folks (who are assigned to the Rose M. Singer Center) waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 23, 2020
           New York, New York

EDGARDO RAMOS
United States District Judge