UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRIAHM PALOMA,
                        Plaintiff,

–against–

CITY OF NEW YORK, ROSE M. SINGER CENTER, CAPTAIN SPEIGHTS, and CAPTAIN FOLKS,

                        Defendants.

**ORDER**

20 Civ. 638 (ER)

RAMOS, D.J.:

Miriahm Paloma, currently held in the Rose M. Singer Center on Rikers Island, brings this *pro se* action asserting that Defendants violated her constitutional rights and seeking damages. Doc. 2.[1] The Court construes Paloma's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. *See* Doc. 7.

Pending before the Court is Paloma's motion "to settle arrears closed." Doc. 12. For the reasons set forth below, the Court DENIES Paloma's motion without prejudice.

**I.    BACKGROUND**

Paloma filed her complaint on January 21, 2020. Doc. 2. Paloma alleges that, between January 1 and January 3, 2020, her commissary and personal property were stolen after Captain Folks and Captain Speights left her property unsecured while rehousing her. Doc. 2 at 4. After Paloma explained to Speights that her property was missing, Speights told Paloma "to go to mental health." *Id.* When Paloma refused to go, she was put on suicide watch pending

---

[1] In her complaint, Paloma named the New York City Department of Corrections as a defendant. Doc. 2. However, in its March 23, 2020 order of service, the Court noted that it construed the complaint as asserting claims against the City of New York instead, and respectfully directed the Clerk of the Court to amend the case caption to reflect the proper parties. Doc. 7 at 3.

investigation into her missing property. *Id.* Paloma alleges that she suffered a bruise on her left hand from being handcuffed during rehousing and that she was placed on suicide watch for more than twenty-four hours without a court order or physician's consent. *Id.* at 5. Paloma seeks reimbursement for her stolen personal property and commissary, which she alleges are worth up to $200, in addition to "legal compensation for malpractice and negligent security." *Id.* On June 15, 2020, Paloma filed the instant motion. Doc. 12.

## II. STANDARD OF REVIEW

A court will construe a *pro se* litigant's submissions liberally and will interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *Spaulding v. N.Y.C. Dep't of Educ.*, 407 F. Supp. 3d 143, 148 (E.D.N.Y. 2017). The *pro se* litigant's submissions are accorded "special solicitude," since it is "implicit in the right of self-representation" that the court will "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman*, 470 F.3d at 475 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *see also Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994).

## III. DISCUSSION

In her declaration in support of her motion, Paloma asks the Court to assure that "arrears are kept closed." Doc. 11 at 2. She explains that "[t]his is important in regards to services, for profit and/or non-profit that are interpersonal such as healthcare, education, and social security." *Id.* Paloma further claims damages in the amount of $122,525,018,122.50 "to assure that arrears are closed from the State of New York" and requests "immediate release from incarceration only

when [she has] received this settlement."[2] *Id.* at 3. Although Paloma does not describe any specific arrears in her declaration, she noted in her Application to Proceed Without Prepaying Fees or Costs that she owes $5,000 to "creditors." Doc. 1 at 2.

In construing Paloma's motion liberally, the Court understands that she has asked the Court to halt the accrual of certain arrears while she remains incarcerated and while her civil action pends. However, the Court is unable to address the merits of Paloma's motion based on the information that she has provided. The Court's research has found no cause of action for so-called "settlement of arrears." Further, it is not clear to whom Paloma owes these alleged arrears or on what basis the Court would have the power to stop them from accruing. Without further clarity, the Court cannot reach the merits of her motion and must deny it. *Cf. Dawkins v. Williams*, No. 04 Civ. 398 (LEK) (TWD), 2012 WL 13171016, at *2 (N.D.N.Y. June 11, 2012) (denying defendant's request for a pre-trial ruling due to a lack of specificity).

### IV.     CONCLUSION

For the foregoing reasons, the Court DENIES Paloma's motion without prejudice. The Court directs the Clerk of the Court to mail a copy of this order to Paloma and to terminate the motion, Doc. 12.

It is SO ORDERED.


Dated:  March 22, 2021
       New York, New York

                                                      Edgardo Ramos, U.S.D.J.

---

[2] Paloma has filed another § 1983 action in this District in which she alleges different constitutional violations. There, she seeks damages of $122,525,018.12 "for arrears in New York City (City of New York)." Amended Complaint at 2, 4–5, *Paloma v. Easterling*, No. 20 Civ. 2133 (LLS) (S.D.N.Y. Aug. 20, 2020), Doc. 6.